Mark A. Neubauer (SBN 73728)
Stephanie G. Chau (SBN 292699)
CARLTON FIELDS, LLP
2029 Century Park East, Suite 1200
Los Angeles, CA 90067-2913
Telephone:   (310) 843-6300
Facsimile: (310) 843-6301
Email: mneubauer@carltonfields.com
Email: schau@carltonfields.com

Attorneys for Defendant VIRGIN SCENT INC. DBA ARTNATURALS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA DEANS, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>VIRGIN SCENT, INC. DBA ARTNATURALS, a California corporation, and DOES 1-100, inclusive,<br><br>                Defendants. | Case No.: **22cv0164-BTM-BGS**<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, 1446 AND 1453** |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant Virgin Scent, Inc. d/b/a Artnaturals ("Artnaturals") hereby removes the above-entitled action to this Court from the Superior Court of the State of California, County of San Diego, pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1441, and 1446, and 1453 and in support thereof states as follows:

**I.     REMOVAL IS TIMELY**

1.     A notice of removal of a civil action must be filed within 30 days of service of the complaint or other pleading or order placing defendant on notice of removability.  28 U.S.C. § 1446(b).

2.     Pamela Deans filed a complaint naming Artnaturals as the defendant in a civil action captioned *Pamela Deans v. Virgin Scent, Inc., d/b/a Artnaturals*, Case No. 37:2021-00048846-CU-C-CTL (Superior Court of California, County of San Diego) (the "*Deans* Action") on November 17, 2021.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3.     Artnaturals returned and executed Notice and Acknowledgment of Receipt for the complaint on January 7, 2022.  Pursuant to the California Code of Civil Procedure, service of the complaint is "deemed complete on the date a written acknowledgment of receipt is executed and returned to the sender." *Gray v. Extended Stay America, Inc.*, No. 2:19-cv-01269-MCE-EFB, 2020 WL 1274265, *3-4 (E.D. Cal. Mar. 17, 2020) (citations omitted). This Notice of Removal has therefore been filed within the 30-day period prescribed by Section 1446(b).

4.     Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit B** are true and correct copies of "all process, pleadings, and orders" (other than the Complaint which is already attached as Exhibit A) purportedly served upon Artnaturals, along with other documents in the state court file and the state court docket, in the *Deans* Action.

## II.    JURISDICTION

### A.    THE PLEADING STANDARD

5.    "[N]o antiremoval presumption attends cases involving CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Sys. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), and the pleading standard for a removing defendant is not a high one. To remove a class action, the defendant's notice must "contain[] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "Courts should thus 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee*, 574 U.S. at 87 (citations omitted). "A statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84.

### B.    GROUNDS FOR REMOVAL

6.    As more fully explained below, this Court has jurisdiction over the *Deans* Action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because:

a.    The *Deans* Action is a "class action" as defined by 28 U.S.C. § 1332(d)(1)(B), filed on behalf of a putative class of "[a]ll California citizens who purchased the Products at retail within California, for personal use and not for resale, on or after November 16, 2018, and until notice is disseminated to the Class ("Class Period"), excluding Defendant and Defendant's officers, directors, employees, agents, and affiliates, and the Court and its staff." Complaint at 23 (¶ 77).

b.    The amount in controversy based on the aggregation of the proposed class members' alleged claims exceeds $5,000,000.00, exclusive of interest and costs (28 U.S.C. § 1332(d)(2) and (6); and

c.    There is minimal diversity. Specifically, one or more members of the proposed class and the defendant are citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A)-(B).

### III.    THE DEANS COMPLAINT IS A CLASS ACTION

7.    The *Deans* complaint is captioned "Class Action Complaint."  The named plaintiff seeks to proceed on behalf of herself and "all others similarly situated."  Complaint p. 1. Plaintiff alleges that "[t]his is a consumer class action for violations of state consumer protection and public safety laws." *Id.* ¶ 1. Moreover, in section IV of the complaint, entitled "Class Action Allegations," plaintiff seeks certification of a class pursuant to California Code of Civil Procedure § 382 and California Rules of Court, Rule 3.765.  *Id.* ¶ 77.

8.    This is not the first putative class action filed against Defendant related to its sales of hand sanitizer products. On April 2, 2021, Lauren Slaughter filed an action captioned *Slaughter v. Virgin Scent, Inc.*, Case No. 2:21-cv-02875-VAP (C.D. Cal.), and on April 5, 2021, Kaila and Raymond Saiki filed an action captioned *Saiki v. Virgin Scent, Inc.*, Case No. 2:21-cv-02948-VAP (C.D. Cal.), which subsequently was consolidated with *Slaughter*. In addition, on an earlier date, March 24, 2021, Zelda Brodowicz filed an action captioned *Brodowicz v. Virgin Scent, Inc.*, Case No. 0:21-cv-60643 (S.D. Fla.). The proposed classes in the consolidated *Slaughter* action and *Brodowicz* are broader than and encompass the narrower proposed class in *Deans*.

9.    In the *Deans* complaint, Plaintiff alleges that the class "likely numbers in the tens of thousands." *Id.* ¶ 79.

10.    California Code of Civil Procedure § 382 is a state statute similar to Fed. R. Civ. P. 23. Accordingly, the *Deans* Action is a "class action" as defined in 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(1)(B).

### IV.    MINIMAL DIVERSITY OF CITIZENSHIP EXISTS

11.    District courts have subject matter jurisdiction over a class action, as defined in 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(1)(B), where, *inter alia*, "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A). Congress enacted CAFA with the "intent … to

strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." *Ehrman v. Cox Comm'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019). As a result, a party's allegation of minimal diversity may be based on "information and belief." *Id.* at 1227.

12.    Pamela Deans is domiciled in California and thus is and was at the time of the filing of the complaint a California citizen for jurisdictional purposes. Artnaturals also is and was at the time of the filing of the complaint a California corporation with its principal place of business in California.

13.    However, plaintiff's complaint does not limit the proposed class to purchasers of Artnaturals' hand sanitizer products who are citizens of California as of the date the complaint was filed (or as of the date of this notice of removal). Instead, it defines the class to include persons who no longer are California citizens. Specifically, the class is defined to include "[a]ll California citizens who purchased the Products at retail within California, for personal use and not for resale, on or after November 16, 2018 …" Complaint ¶ 77. In other words, it includes persons who were citizens of California when they purchased the Products but who, as of the date the amended complaint was filed, and by implication, as of the date of this notice of removal, no longer were citizens of California. This is significant because, since the COVID-19 pandemic began, many former California citizens have left the state. At the end of September 2021, for example, entrances to California were 38% lower than at the end of March 2020, and exits stood 12% higher at the end of September 2021 than at the end of March 2020.  These trends are present throughout the state.  *See* https://www.capolicylab.org/pandemic-patterns-california-is-seeing-fewer-entrances-and-more-exits/ (California Policy Lab December 15, 2021 Report). A 2020 Allied Van Lines report similarly showed that California was a "high outbound" state, with 40.3% total inbound and 49.7% total outbound.  *See* https://www.allied.com/migration-map

128273144.3

14.     Undersigned counsel's investigation has revealed multiple persons who were citizen of California at the time of their purchases of the Product subsequently moved out of California and were domiciled in other States at the time the *Deans* Action was initiated and at the time of the filing of this Notice of Removal. *See* Declaration of Edan Ezerer, attached as **Exhibit C**.

15.     Accordingly, minimal diversity exists in this case because one or more members of the putative class are citizens of a State that is different from that of the defendant.

## V.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

16.     District courts have subject matter jurisdiction over a class action, as defined in 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(1)(B), where, *inter alia*, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Pursuant to 28 U.S.C. § 1332(d)(6), the claims of each putative class member can be aggregated to determine whether the amount in controversy requirement is satisfied. When a defendant removes a case, the "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. From there, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. A defendant's notice of removal need not include evidence supporting his amount in controversy allegation. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). And a defendant has no obligation to venture beyond the pleadings to try to calculate the amount in controversy. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).

17.     Based on the allegations of the complaint, the nature of the relief plaintiff seeks, and other available information, the amount in controversy requirement is satisfied.

128273144.3

18.     Plaintiff's complaint defines the class as consisting of "[a]ll California citizens who purchased the Products at retail within California, for personal use and not for resale, on or after November 16, 2018 …" Complaint ¶ 77.

19.     Artnaturals sold the Products at retail in California through such retailers as Walmart and Target, as well as its own website. Through these venues, Artnaturals sold over $12 million in Products in California during 2020.

20.     Plaintiff alleges in the complaint that all the Product is adulterated, that the Product is worthless, and that she would not have purchased it had she known it contained benzene. *E.g.*, Complaint ¶¶ 9, 12, 61, 67, 68, 80, 103. She alleges that Artnaturals "must restore to Plaintiff and Class members money that Defendant received as a result of their purchases…" *Id.* ¶ 104; *see also id.* ¶¶ 103, 105; *see also* ¶ 61 ("Purchasers … are thus entitled to a full refund of their purchase price"); ¶ 68 (Plaintiff and the Class … lost money or property in terms of the full purchase price of the Products"). Plaintiff thus seeks in this lawsuit disgorgement of all revenues received from the sale of the Products in California.

21.     Because Artnaturals' revenues from the sale of the Products in California from November 16, 2018 to December 31, 2021 exceed $5 million, based on this calculation alone, the amount in controversy requirement is satisfied.

22.     In addition, the complaint seeks personal injury and medical monitoring damages. Complaint ¶¶ 1, 13, 66, 67, 80, 128, 83(h), 135. Indeed, given plaintiff's allegation that the class size numbers in the "tens of thousands," which at a minimum means 20,000 class members, they would need to recover only $250 each in personal injury and medical monitoring damages to equal $5 million—even without considering the economic damages sought by plaintiff on behalf of the putative class.

23.     The complaint also seeks punitive damages. Complaint ¶¶ 14, 116, 166(d). As for punitive damages, plaintiff alleges that Artnaturals committed fraud (fourth cause of action), which under California law may support an award of

punitive damages. *Lackner v. North*, 135 Cal. App. 4th 1188, 1212 (2006) ("Because punitive damages are imposed 'for the sake of example and by way of punishing the defendant', they are typically awarded for intentional torts such as … fraud" (citing Cal. Code Civ. P. § 3294)). "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *see also Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (CAFA authorizes the aggregation of punitive damages for all putative class members when determining the amount in controversy). A ratio of 1:1 between punitive and economic damages has been described as conservative for purposes of calculating the amount in controversy. *Id.* While Artnaturals disputes the availability of punitive damages, plaintiff's request for such damages easily puts the value of the aggregate claims above the CAFA threshold.

24.    Plaintiff also seeks attorneys' fees. Complaint ¶ 106(h). "Attorneys' fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant. *Goldberg v. CPC International Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), and here, California's Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, et seq., at a minimum, permits the recovery of attorneys' fees.

25.    In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorneys' fees in class action cases. *Garibay v. Archstone Communities, LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorneys' fees estimates of 25% of the total recovery in determining the amount in controversy under CAFA. *Id.*; *Rwomwijhu v. SMX LLC*, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017). As described above, the value of the payments made to Artnaturals from California sales in 2020 alone total at least $12 million, and thus the amount in controversy would include an additional $3 for attorneys' fees.

## VI.  VENUE

26.  Venue is proper in this district pursuant to 28 U.S.C. § 1141(a).

## VII.  NOTICE

27.  Promptly after filing this Notice of Removal with the United States District Court for the Southern District of California, Artnaturals will file a copy of this Notice of Removal with the Clerk of the Superior Court of San Diego County, California, and service notice on plaintiff, as required by 28 U.S.C. § 1446(d).

## VIII.  BRIEFING AND DISCOVERY

28.  Should plaintiff assert any challenge to removal, Artnaturals requests the opportunity to present evidence in the form of a brief supported by an affidavit or other admissible evidence in support of its Notice of Removal, and to present oral argument in support of its position that jurisdiction is proper in this Court. *See*, *e.g.*, *Altamirano v. Shaw Indus., Inc.*, 2013 WL 2950600, at *3 (N.D. Cal. June 14, 2013) (recognizing that "[a] court may properly consider evidence the removing party submits in its opposition to remand, even if this evidence was not submitted with the original removal petition") (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002). Artnaturals also reserves its right to request jurisdictional discovery should plaintiff challenge removal. *Ehrman*, 932 F.3d at 1228 (noting "that, had Ehrman challenged the truth of the jurisdictional allegations in Cox's notice of removal, the district court should have permitted jurisdictional discovery had Cox requested it").

/ / /

/ / /

128273144.3

**IX.    CONCLUSION**

29.    For the foregoing reasons, Artnaturals respectfully removes the *Deans* Action to this Court.

Dated:  February 4, 2022

CARLTON FIELDS, LLP
STEPHANIE G. CHAU


By:_____
    STEPHANIE G. CHAU
Attorneys for Defendant VIRGIN SCENT
INC. DBA ARTNATURALS

Email: schau@carltonfields.com

128273144.3