1  Mark A. Neubauer (SBN 73728)
2  Stephanie G. Chau (SBN 292699)
   CARLTON FIELDS, LLP
3  2029 Century Park East, Suite 1200
   Los Angeles, CA 90067-2913
4  Telephone:   (310) 843-6300
   Facsimile: (310) 843-6301
5  mneubauer@carltonfields.com
   schau@carltonfields.com
6
7  *[Additional Counsel Appear On Signature Page]*
8  Attorneys for Defendant VIRGIN SCENT INC. DBA ARTNATURALS
9
10              **UNITED STATES DISTRICT COURT**
11            **SOUTHERN DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| 13  PAMELA DEANS, individually and on behalf of all others similarly situated, | Case No.: 3:22-CV-00164-BTM-BGS |
| 14 | Assigned to the Honorable Barry Ted Moskowitz, Courtroom 15B |
| 15      Plaintiff, | |
| 16  vs. | **DEFENDANT VIRGIN SCENT, INC. DBA ARTNATURALS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO STAY** |
| 17  VIRGIN SCENT, INC. DBA ARTNATURALS, a California corporation, and DOES 1-100, inclusive, | |
| 18 | |
| 19 | |
| 20      Defendants. | (Proposed Order lodged concurrently herewith) |
| 21 | |
| 22 | Date:     April 8, 2022 Time:    11:00 a.m. Place:    Courtroom 15B |
| 23 | 333 West Broadway San Diego, CA  92101 |
| 24 | |
| 25 | PER CHAMBERS, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT. |
| 26 | |

27
28

## <u>**TABLE OF CONTENTS**</u>

**Page**

I.   INTRODUCTION ...................................................................................4

II.   THE CHRONOLOGY OF THE CASES SUPPORTS A STAY ...............................5

III.   THE PARTIES ARE SUBSTANTIALLY SIMILAR ...........................5

IV.   THE ISSUES ARE SUBSTANTIALLY SIMILAR ...............................9

V.   NO EXCEPTION TO THE FIRST-TO-FILE RULE APPLIES..............................11

VI.   CONCLUSION.........................................................................12

2

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
5    946 F.2d 622, 625 (9th Cir. 1991)................................................................4, 11

6

*Blackwell v. Midland Credit Mgmt., Inc.*,
7    2018 WL 4963166 (D.S.C. Oct. 15, 2018)..........................................................8

8

*Church of Scientology of Cal. v. U.S. Dep't of the Army*,
9    611 F.2d 738 (9th Cir. 1979)................................................................................11

10

*Fefferman v. Dr Pepper Snapple Grp., Inc.*,
11    2013 WL 12114486 (S.D. Cal. Mar. 12, 2013)..............................................5, 8

12

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*,
13    179 F.R.D. 264 (C.D. Cal. 1998) ........................................................................8

14

*Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
15    787 F.3d 1237 (9th Cir. 2015) ........................................................................4, 8

16

*Pacesetter Sys., Inc. v. Medtronics, Inc.*,
17    678 F.2d 93 (9th Cir. 1982) ................................................................................11

18

*Paracha v. Gen. Mills, Inc.*,
19    2019 WL 13040495 (C.D. Cal. Jan. 7, 2019)........................................*passim*

20

*Wheat v. California*,
21    2013 WL 450370 (N.D. Cal. Feb. 5, 2013)....................................................10

22

*Zimmer v. Dometic Corp.*,
23    2018 WL 1135634 (C.D. Cal. Feb. 22, 2018)................................................10

**California Cases**

*Caiafa Prof. L. Corp. v. State Farm Fire & Cas. Co.*,
24    19 Cal. Rptr. 2d 138 (Cal. Ct. App. 1993) ......................................................4

25

*Thomson v. Cont'l Ins.*,
26    427 P.2d 765 (Cal. 1967)....................................................................................4

27

28

3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The Court should stay this case pursuant to the first-to-file rule. "The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court."[1] *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). "When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.'" *Id.* at 1240. The first-to-file rule "should not be disregarded lightly." *Id.* at 1239 (quoting *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).

In determining whether to stay a case under the first-to-file rule, courts consider three factors: (1) the chronology of the lawsuits, (2) the similarity of the parties, and (3) the similarity of the issues. *Id.* at 1240. Each of the factors supports a stay of this case. First, this is the fourth-filed class action involving identical issues. The following cases were all filed before this case:

1. *Brodowicz v. Virgin Scent, Inc. d/b/a Artnaturals, Inc., Walmart, Inc.*, Case No. 21-cv-60643, filed in the Southern District of Florida ("Brodowicz");

2. *Slaughter v. Virgin Scent, Inc., d/b/a Artnaturals, Inc.*, Case No. 21-cv-02875, filed in the Central District of California ("Slaughter"); and

3. *Saiki v. Virgin Scent, Inc. d/b/a Artnaturals, Inc.*, Case No. 21-cv-2948, filed in the Central District of California ("Saiki"), and consolidated with *Slaughter* (consolidated case referred to as "Slaughter").

Declaration of D. Matthew Allen ("Allen Decl.") ¶¶ 6-8 & Ex. 1-3.

---

[1] California law is the same effect under principles of comity, which is the basis for the first-to-file rule. *See Thomson v. Cont'l Ins.*, 427 P.2d 765, 772 (Cal. 1967); *Caiafa Prof. L. Corp. v. State Farm Fire & Cas. Co.*, 19 Cal. Rptr. 2d 138, 140 (Cal. Ct. App. 1993).

4

Second, the parties in this case, *Brodowicz*, and *Slaughter* are substantially similar. Third, the issues in this case, *Brodowicz*, and *Slaughter* are substantially similar. Moreover, no exception to application of the first-to-file rule applies here. Therefore, this Court should stay this case.

## II.   THE CHRONOLOGY OF THE CASES SUPPORTS A STAY

"As to the first factor, the Court looks to the date the original complaint was filed." *Fefferman v. Dr Pepper Snapple Grp., Inc.*, 2013 WL 12114486, at *5 (S.D. Cal. Mar. 12, 2013). In *Brodowicz*, the original complaint was filed on March 24, 2021. Allen Decl. ¶ 6 & Ex. 1. In *Slaughter* and *Saiki*, the original complaints (before they were consolidated) were filed on April 2, 2021 (Case No. 21-cv-02875) and April 5, 2021 (Case No. 21-cv-02948). Allen Decl. ¶¶ 7-8 & Ex. 2-3. In this case, the Complaint was filed on November 17, 2021—approximately 8 months after *Brodowicz*, *Slaughter*, and *Saiki* were filed. Therefore, the first factor weighs in favor of staying this case.

## III.   THE PARTIES ARE SUBSTANTIALLY SIMILAR

The parties in *Brodowicz*, *Slaughter*, and this case are "substantially similar." On the plaintiffs' side, "[f]or class actions, most courts assess the similarity of the putative classes, not the class representatives." *Paracha v. Gen. Mills, Inc.,* 2019 WL 13040495, at *2 (C.D. Cal. Jan. 7, 2019). Further, "[c]ourts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *Id.*

*Paracha* involved two cases against General Mills alleging that certain products contained glyphosate, an alleged carcinogen. *Id.* at *1-3. The first case was filed in the Southern District of Florida, and the second case was filed in the Central District of California. *Id.* at *1-2. The plaintiff in the first case sought to represent a nationwide class of consumers who purchased Cheerios and Honey Nut Cheerios. *Id.* at *2. The plaintiffs in the second case sought to represent classes of consumers in several states who purchased Cheerios, Nature Valley granola and

5

granola bars, and Lucky Charms. *Id.* The court concluded that "[s]ince both classes purport to represent individuals who purchased Cheerios, there is substantial overlap." *Id.*

The putative class here substantially overlaps with the putative classes in *Brodowicz* and *Slaughter*. In this case, plaintiff is seeking to represent a California class of those "who purchased the Products at retail within California." Doc 1-2 ¶ 77. "Product" is defined as the "scent free gel hand sanitizers" that "Artnaturals manufactures, advertises, markets, distributes, and sells." *Id.* ¶ 2.

In *Brodowicz*, the plaintiffs are seeking to represent a nationwide class of those "who, since at least January 1, 2015 to the present, paid any amount of money for a Hand Sanitizer Product (intended for personal or household use) that was manufactured, distributed, or sold by any Defendant." Brodowicz FAC ¶ 100.[2] "Hand Sanitizer Products" is defined as hand sanitizer bearing Artnaturals product or brand name "as well as others including but not limited to Lavender & Herbs, TrueWash, Huangjisoo, The Crème Shop, Star Wars Mandalorian, Body Prescriptions, Born Basic, Beauty Concepts, PureLogic, Miami Carry On, Natural Wunderz, Puretize, [and] Clean-Protect-Sanitize." *See* Brodowicz FAC ¶ 1.

The plaintiffs in *Brodowicz* are also seeking to represent subclasses of those "who, since at least January 1, 2015 to the present, paid any amount of money for a Hand Sanitizer Product (intended for personal or household use) that was manufactured, distributed, or sold by any Defendant" in Florida, Kansas, and Texas. *See* Brodowicz FAC ¶ 101.

In *Slaughter*, the plaintiffs are seeking to represent a nationwide class of "all

---

[2] "Brodowicz FAC" is used herein to refer to the most current complaint filed in *Brodowicz*, the plaintiff's First Amended Class Action Complaint, filed on September 28, 2021. Allen Decl. ¶ 10 & Ex. 5.

persons…who purchased and used the Hand Sanitizer." *See* Slaughter SAC ¶ 73.[3] "Hand Sanitizer" is defined as the "particular model of hand sanitizer labeled as 'artnaturals hand sanitizer SCENT FREE NATURAL ELEMENTS + CLEANSING FORMULA 8 fl oz (236 ml).'" *See* Slaughter SAC ¶ 2. The plaintiffs are also seeking to represent subclasses of those "who purchased the Hand Sanitizer" in Alabama, Illinois, New York, Minnesota, California, Florida, Texas, Washington, Oregon, Idaho, and Pennsylvania. *See* Slaughter SAC ¶¶ 74-84.

As in *Paracha*, 2019 WL 13040495, at *2, where the court concluded that the parties were "substantially similar" because "both classes purport[ed] to represent individuals who purchased Cheerios," the putative classes in this case, *Slaughter*, and *Brodowicz* all include those who purchased scent free Artnaturals hand sanitizer.

Also like *Paracha*, where the court concluded the parties were "substantially similar" because the putative state-wide classes in the second case were subsumed by the putative national class in the first case, the putative state-wide class in this case is subsumed by the putative nationwide classes in both *Brodowicz* and *Slaughter*. Indeed, there is even overlap with respect to the *Slaughter* California subclass.

Further, it should not matter that the putative class in *Brodowicz* includes those who purchased other hand sanitizer products. In *Paracha*, there was "substantial overlap" even though the plaintiff in the first case also sought to represent a class of those who purchased Honey Nut Cheerios, and the plaintiffs in the second case sought to represent classes of those who purchased certain Nature Valley products and Lucky Charms.

---

[3] "Slaughter SAC" is used herein to refer to the most current complaint filed in *Slaughter*, the plaintiff's Consolidated Second Amended Class Action Complaint, filed on September 24, 2021. Allen Decl. ¶ 9 & Ex. 4.

7

Indeed, this case is even stronger than *Paracha* because, whereas neither of the classes was subsumed in *Paracha*, the putative class here is subsumed by the putative class in *Brodowicz*. *See Fefferman*, 2013 WL 12114486, at *5 ("The proposed class in this matter is subsumed within the proposed class in *Green*. Accordingly, the two actions satisfy the requirement that they involve substantially similar parties.").

The defendants in this case, *Slaughter*, and *Brodowicz* are also "substantially similar." Slight differences in the named defendants do not prevent a finding of "substantial similarity." *See Kohn*, 787 F.3d at 1240. Strict identity of the parties is not required. *Id.* In *Kohn*, the Ninth Circuit held that the parties were substantially similar even where the second lawsuit omitted one of the defendants. *Id.* (citing *Alltrade, Inc.*, 946 F.2d at 624, 624 n.3, 629).

This case is similar. Whereas Walmart is a defendant in *Brodowicz*, it is not a defendant in *Slaughter* or the instant case. Like *Kohn*, therefore, the parties are "substantially similar" despite the fact that this case omitted Walmart as a defendant.

The defendants are also "substantially similar despite the unnamed "DOE" defendants in this case. The inclusion of these additional unnamed defendants does not affect whether the defendants in this case, *Slaughter*, and *Brodowicz* are "substantially similar." *See Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998) ("Thus, the primary parties in the two actions are Plaintiff and Precor. The additionally named defendants in the two actions are merely derivative manufacturers of the primary parties. Therefore, the Court finds there is a sufficient similarity between the parties in the two actions to satisfy this factor of the first-to-file rule."); *Blackwell v. Midland Credit Mgmt., Inc.*, 2018 WL 4963166, at *3 n.2 (D.S.C. Oct. 15, 2018) (refusing to consider "twenty-five unnamed fictitious John Doe Defendants" in the analysis of whether the parties were "substantially similar" because they "have neither been identified

8

nor joined to the action"). In sum, the parties in this case, *Slaughter*, and *Brodowicz* are "substantially similar," and thus the second factor supports staying this case.

## IV.   THE ISSUES ARE SUBSTANTIALLY SIMILAR

To be "substantially similar," the claims need not be totally uniform—the focus is rather "on the underlying factual allegations." *Paracha*, 2019 WL 13040495, at *3 (quoting *Zimmer v. Dometic Corp.*, 2018 WL 1135634, at *4 (C.D. Cal. Feb. 22, 2018)). In other words, if the "core theory" is the same, the issues are "substantially similar." *See Paracha*, 2019 WL 13040495, at *3.

In *Paracha*, the court held that the issues were "substantially similar" because "the core theory for both cases is the same, as the plaintiffs allege that it was deceptive or misleading for General Mills to fail to disclose the presence of glyphosate in Cheerios and other products because glyphosate is harmful." *Id.* Likewise, the "core theory" in this case, *Slaughter*, and *Brodowicz* is the same. All three cases involve allegations that Artnaturals sought to profit from increased hand sanitizer sales brought about by the COVID-19 pandemic. *See* Brodowicz FAC ¶¶ 4, 43-52, 56-59; Slaughter SAC ¶¶ 2, 40-42, 61-62, 153; Doc 1-2 ¶¶ 5-7. All three cases involve allegations that Artnaturals' hand sanitizer, under the applicable regulations, should have had no benzene. *See* Brodowicz FAC ¶¶ 51, 65, 80; Slaughter SAC ¶¶ 11 n.9, 18, 48; Doc. 1-2 ¶¶ 32-33. All three cases involve allegations that Artnaturals' hand sanitizer contained benzene in excess of even the levels that would have applied if the product were a liquid product instead of a gel product. *See* Brodowicz FAC ¶¶ 60-65; Slaughter SAC ¶¶ 8-11, 47-48; Doc. 1-2 ¶¶ 34-36, 39. All three cases involve allegations of noncompliance with Good Manufacturing Practices. *See* Brodowicz FAC ¶¶ 20-26; Slaughter SAC ¶¶ 39, 46, 50-57; Doc. 1-2 ¶¶ 41-53.

Indeed, even the phrasing of the allegations is substantially similar. *See, e.g.*, Doc. 1-2 ¶¶ 30-32; Slaughter SAC ¶¶ 41-42; Brodowicz FAC ¶¶ 45-46; *see also*

*Wheat v. California*, 2013 WL 450370, at *6 (N.D. Cal. Feb. 5, 2013) (finding that the issues in the two cases were "substantially similar" in part because several of the allegations were identical); *Zimmer*, 2018 WL 1135634, at *4 (noting that "there are many times the complaints utilize the exact same phrasing" and concluding that the issues are substantially similar).

In fact, even though the claims need not be uniform, the claims in this case, *Brodowicz*, and *Slaughter* are nevertheless almost completely uniform. The following chart shows the claims in this case, *Brodowicz*, and *Slaughter*:

| **Claim** | **Brodowicz FAC Count** | **Slaughter SAC Count** | **Deans Count** |
|---|---|---|---|
| Express Warranty | 1 | 1 | 1 |
| Implied Warranties of Merchantability and Fitness | 2 | 2 | 2 |
| Magnuson-Moss Warranty Act | 3 | 3 | N/A |
| Fraud" or "Fraud and Deceit" | 4 | 5 | 4 |
| Negligent Misrepresentation | 5 | N/A | 6 |
| Violation of Consumer Protection Laws | 6 | 6 through 17 | 7 through 9 |
| "Unjust Enrichment" or "Restitution, Common Counts, Unjust Enrichment, Quasi-Contract and/or Assumpsit" | 7 | 4 | 3 |
| Negligence | 8 | 18 | N/A |
| Negligence Per Se | 9 | 19 | N/A |
| Medical Monitoring | 10 | 20 | N/A |

10

1    Moreover, the very limited differences that exist make the claims in this case
2    narrower. For example, in this case, plaintiff omits claims for negligence,
3    negligence per se, medical monitoring, and breach of the Magnuson-Moss
4    Warranty Act. In fact, every claim that was pleaded in this case was pleaded in
5    *Brodowicz*. The same is true with respect to *Slaughter*, with the exception of
6    plaintiff's negligent misrepresentation claim. Therefore, the claims in this case are
7    completely subsumed by those in *Brodowicz* and almost subsumed by those in
8    *Slaughter*. The issues clearly are substantially similar.

9    **V.    NO EXCEPTION TO THE FIRST-TO-FILE RULE APPLIES**

10    Exceptions to the first-to-file rule exist where the first suit was filed in bad
11    faith, in anticipation of the second-filed litigation, or as an attempt to forum shop.
12    *Alltrade*, 946 F.2d at 628. None of these exceptions applies. There is no evidence
13    that the *Brodowicz* or *Slaughter* plaintiffs filed their lawsuit in bad faith or in
14    anticipation of this litigation. Nor is there any evidence that the *Brodowicz* or
15    *Slaughter* plaintiffs attempted to forum shop. Rather, just as here, they seek to
16    certify a class of purchasers of Artnaturals hand sanitizer product. (Artnaturals, of
17    course, as a defendant, takes the suits as it finds them.)

18    In any event, in the absence of evidence of bad faith conduct by the
19    *Brodowicz* or *Slaughter* plaintiffs, the first-to-file rule should be followed. The
20    first-to-file rule "normally serves the purpose of promoting efficiency well and
21    should not be disregarded lightly." *Church of Scientology of Cal. v. U.S. Dep't of*
22    *the Army*, 611 F.2d 738, 750 (9th Cir. 1979).

23    Although plaintiffs here may argue that considerations involving the
24    convenience of the parties and witnesses militate in favor of the claims being
25    litigated in this Court, the Ninth Circuit has declared that "normally the forum non
26    conveniens argument should be addressed to the court in the first-filed action."
27    *Pacesetter Sys., Inc. v. Medtronics, Inc.*, 678 F.2d 93, 96-97 (9th Cir. 1982).

28

**VI.   CONCLUSION**

WHEREFORE, Artnaturals respectfully requests that the Court enter an order staying this case pending the resolution of *Brodowicz* and *Slaughter* (including through final resolution and appeal).

Dated:  March 9, 2022

CARLTON FIELDS, LLP
MARK A. NEUBAUER
STEPHANIE G. CHAU

By:_____
STEPHANIE G. CHAU
Attorneys for Defendant VIRGIN SCENT, INC. DBA ARTNATURALS

Email: schau@carltonfields.com

[*Additional counsel listed on following page*]

12

*Additional Counsel for Defendant*:

D. Matthew Allen (*Pro Hac Vice*)
David Walz (*Pro Hac Vice*)
CARLTON FIELDS, P.A.
4221 W. Boy Scout Blvd., Suite 100
Corporate Center Three at International
Tower
Tampa, Florida 33607-5780
Tel: (813) 223-7000
Fax: (813) 229-4133
mallen@carltonfields.com
dwalz@carltonfields.com

Lauren R. Greenspoon (*Pro Hac Vice*)
CARLTON FIELDS, P.A.
One State Street, Suite 1800
Hartford, CT 06103
Tel: (860) 392-5000
Fax: (860) 392-5058
lgreenspoon@carltonfields.com

Robert Pass
CARLTON FIELDS, P.A. (*Pro Hac Vice*)
215 S. Monroe Street, Suite 500
Tallahassee, Florida 32301
Tel: (850) 224-1585
Fax: (850) 222-0398
rpass@carltonfields.com

Attorneys for Defendant VIRGIN SCENT,
INC. DBA ARTNATURALS

13