**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
ELISA PINEDA (SBN 328285)
*elisa@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA  92103
Tel: (619) 696-9006
Fax: (619) 564-6665
***Counsel for Plaintiff and the Proposed Class***

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA DEANS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>VIRGIN SCENT, INC. DBA ARTNATURALS, a California corporation, and DOES 1-100, inclusive,<br><br>*Defendant*. | Case No. 3:22-CV-00164-BTM-BGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE TO THE COURT'S MARCH 2, 2022 ORDER TO SHOW CAUSE**<br><br>Date:   April 15, 2022<br>Time:  11:00 a.m.<br>Ctrm:  15B<br>Judge:  Hon. Barry Ted Moskowitz |

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................. 1

II. BACKGROUND ................................................................................. 2

III. LEGAL STANDARD .......................................................................... 4

IV. ARGUMENT ...................................................................................... 5

    A. This Court Lacks Subject Matter Jurisdiction Under CAFA ............... 5

    B. Even If the Requirements of CAFA Are Satisfied, this Court Lacks Subject Matter Jurisdiction Under the "Home-State Controversy" Exception ........................................................................ 7

    C. This Court May Also Decline CAFA Jurisdiction Under the "Interests of Justice" Exception .......................................................... 8

    D. Alternatively, this Court Should Grant Plaintiff Leave to Amend Her Complaint to Clarify the Class Definition ...................... 10

    E. The Court Should Award Reasonable Attorneys' Fees If This Action Is Remanded .......................................................................... 11

V. CONCLUSION ................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Abrego Abrego v. The Dow Chemical Co.*,
  443 F.3d 676 (9th Cir. 2006) ...................................................................4

*Anderson v. Davis Wright Tremaine LLP*,
  2021 WL 7184127 (D. Or. July 14, 2021) ............................................6

*Becher v. Nw. Mut. Life Ins. Co.*,
  2010 WL 5138910 (C.D. Cal. Dec. 9, 2010)...........................................4

*Benko v. Quality Loan Serv. Corp.*,
  789 F.3d 1111 (9th Cir. 2015) ...............................................................10

*Dennison v. Carolina Payday Loans, Inc.*,
  549 F.3d 941 (4th Cir. 2008) ...................................................................6

*Dunham v. Coffeyville Resources, LLC.*,
  2007 WL 3283774 (D. Kan. Nov. 6, 2007)...............................................8

*Elsea v. Jackson County, Mo.*,
  2010 WL 4386538 (W.D. Mo. Oct. 28, 2010) .........................................8

*FIA Card Services, N.A. v. McComas*,
  2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) ..........................................11

*Hawkins v. Kroger Co.*,
  337 F.R.D. 518 (S.D. Cal. 2020) .............................................................7

*Higdon v. P. Bell Tel. Co.*,
  2010 WL 2077195 (N.D. Cal. May 20, 2010) ........................................9

*In re Anthem, Inc.*,
  2015 WL 5265686 (N.D. Cal. Sept. 9, 2015)........................................10

*Johnson v. Advance Am.*,
  549 F.3d 932 (4th Cir. 2008) .......................................................1, 5, 11

*Joseph v. Unitrin, Inc.*,
  2008 WL 3822938 (E.D. Tex. Aug. 12, 2008)........................................8

1
2
*Life of the S. Ins. Co. v. Carzell*,
  851 F.3d 1341 (11th Cir. 2017) ...................................................................7
3
4
*Martin v. Franklin Capital Corp.*,
   546 U.S. 132 (2005) ................................................................................11
5
6
*Melissa D. Duflock Revocable Tr. v. Chevron Corp.*,
  2013 WL 4236397 (C.D. Cal. Aug. 14, 2013) .........................................5
7
8
*Mollan v. Torrance*,
  22 U.S. 537 (1824) ....................................................................................6
9
10
*Mondragon v. Capital One Auto Finance*,
  736 F.3d 880 (9th Cir. 2013) ..........................................................4, 5, 6, 7, 9
11
12
*Rodriguez v. Instagram, LLC*,
  2013 WL 3732883 (N.D. Cal. July 15, 2013) ..........................................7
13
14
*Romo v. Panda Rest. Group, Inc.*,
  2012 WL 2564718 (C.D. Cal. June 29, 2012)..........................................5
15
16
*Smilow v. Anthem Blue Cross Life & Health Ins. Co.*,
  2015 WL 4778824 (C.D. Cal. Aug. 13, 2015) ......................................10
17
18
*Sutton v. Davol, Inc.*,
  251 F.R.D. 500 (E.D.Cal.2008)..............................................................11
19
20
*Tag v. i360, LLC*,
  2022 WL 808007 (S.D. Cal. Mar. 17, 2022)............................................6
21
22
*Turner v. Corinthian Intl. Parking Services, Inc.*,
  2015 WL 7768841 (N.D. Cal. Dec. 3, 2015) ........................................10
23
24
*Weight v. Active Network, Inc.*,
  29 F. Supp. 3d 1289 (S.D. Cal. 2014) ..................................................10
25
26
*Wickens v. Blue Cross of California, Inc.*,
  2015 WL 4255129 (S.D. Cal. July 14, 2015).......................................10
27
28

**Statutes**

28 U.S.C. § 1332(d) ............................................................................................ 1, 3

28 U.S.C. § 1332(d)(1)(B) ...................................................................................... 4

28 U.S.C. § 1332(d)(2) ............................................................................................ 4

28 U.S.C § 1332(d)(2)(A) .................................................................................... 3, 5

28 U.S.C. § 1332(d)(3) ..................................................................................... 3, 5, 9

28 U.S.C. § 1332(d)(4)(B) ............................................................................. 1, 3, 5, 7

28 U.S.C. § 1332(d)(5) ............................................................................................ 4

28 U.S.C. §1332(d)(6) ............................................................................................. 4

28 U.S.C § 1447(c) .......................................................................................... 2, 11

Cal. Bus. & Prof. Code § 17200 ............................................................................... 3

Cal. Bus. & Prof. Code § 17500 ............................................................................... 2

Cal. Civ. Code § 1750 .............................................................................................. 2

## I.   **INTRODUCTION**

This putative class action belongs in California state court. Plaintiff Pamela Deans ("Plaintiff") and Defendant Virgin Scent, Inc. ("Defendant") are both citizens of California. Plaintiff also seeks to represent a class of California consumers who are citizens of California. This Court simply lacks subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and this action should be remanded to state court.

Defendant removed this action under CAFA arguing that "plaintiff's complaint does not limit the proposed class to purchases of [the products] who are citizens of California as of the date the complaint was filed[.]" Dkt. No. 1 at ¶ 13. Defendant contends that the complaint "defines the class to include persons who no longer are California citizens." *Id*. Defendant is mistaken. As this Court noted in its March 2, 2022 Order to Show Cause (Dkt. No. 17), "Defendant's assertion that at least one California citizen has moved after their purchase is to no avail because any California citizen who moved after their purchase of the product and prior to the filing of the complaint would no longer be a member of Plaintiff's class." Dkt. No. 17 at 3 (citing *Johnson v. Advance Am.*, 549 F.3d 932, 937 (4th Cir. 2008)). This Court is correct. The complaint is clearly limited to persons who are "California citizens" as of the time the complaint was filed.

However, even assuming the requirements of 28 U.S.C. § 1332(d) are satisfied (they are not), this Court still lacks subject matter jurisdiction under CAFA's "home-state controversy" exception, 28 U.S.C. § 1332(d)(4)(B). The home state-controversy exception provides that "[a] district court shall decline to exercise jurisdiction" when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). These requirements are clearly established here. *See Johnson*, 549 F.3d at 938 ("as a matter of logic, that if the class is limited to citizens of South Carolina, it could hardly be

claimed that two-thirds of the class members were not citizens of South Carolina.").

Because Defendant's basis for removal is legally meritless, this Court should remand this action back to the California Superior Court for the County of San Diego. The Court should also award Plaintiff her reasonable attorneys' fees incurred as a result of the removal in accordance with 28 U.S.C § 1447(c).

## II.   BACKGROUND

This a putative consumer class action where Plaintiff alleges that certain Artnaturals brand hand sanitizer products ("Products") are falsely labeled and advertised as being "natural" and "chemical free" when in fact the Products contain "illegal and undisclosed amounts of benzene, a carcinogenic chemical product impurity that has been linked to leukemia and other cancers." *See* Complaint ("Compl.", Dkt. No. 1-2), ¶¶ 2-4, 8. Plaintiff is a citizen of California (Compl., ¶ 16) and Defendant Virgin Scent, Inc. ("Defendant") is "a corporation incorporated in the state of California with a principal place of business at 16325 South Avalon Boulevard, Gardena, California 90248." Compl., ¶ 17.

Plaintiff seeks to represent a class defined as follows:

> All California citizens who purchased the Products at retail within California, for personal use and not for resale, on or after November 16, 2018, and until notice is disseminated to the Class ("Class Period"), excluding Defendant and Defendant's officers, directors, employees, agents, and affiliates, and the Court and its staff.

Compl., ¶ 77. Plaintiff brings claims under California's consumer protection laws for breach of express warranty (Compl., ¶¶ 84-87); breach of implied warranty (*id.* at ¶¶ 88-99); unjust enrichment/ quasi-contract (*id.* ¶¶ 100-108); fraud and deceit (*id.* at ¶¶ 109-116); intentional misrepresentation (*id.* ¶¶ 117-128); negligent misrepresentation (*id.* ¶¶ 129-135); violations of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.* (*id.* ¶¶ 136-143); violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.* (*id.* ¶¶ 144-150); and, violations of California's Unfair Competition

Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* (*id.* ¶¶ 151-165).

This action was originally filed in the California Superior Court for the County of San Diego on November 17, 2021. *See generally* Compl. Defendant was served with the Complaint on January 7, 2022 after Defendant signed a Notice of Acknowledgement of Receipt. Dkt. No. 1-3 at 16. On February 4, 2022, Defendant filed a Notice of Removal to this Court. Dkt. No. 1. Defendant removed this action under CAFA. Dkt. No. 1 at ¶ 6. Defendant does not dispute that Plaintiff is a citizen of California and that Defendant is also a citizen of California. Dkt. No. 1 at ¶ 12. Defendant alleges that removal is proper because "plaintiff's complaint does not limit the proposed class to purchases of [the products] who are citizens of California as of the date the complaint was filed[.]" and that the complaint "defines the class to include persons who no longer are California citizens." Dkt. No. 1 at ¶ 13. For this reason, Defendant contends that minimal diversity is satisfied under 28 U.S.C § 1332(d)(2)(A). Dkt. No. 1 at ¶ 11.

On March 2, 2022, this Court issued an Order to Show Cause "as to why the Court should not remand this case for lack of subject matter jurisdiction." Dkt. No. 17 at 3. In the Order to Show Cause, the Court interpreted "the term 'California citizens' in Plaintiff's class definition to operate at the time the complaint is filed." Dkt. No. 17 at 2-3. "Therefore, Plaintiff's class does not provide for minimal diversity to exist." *Id.* at 3.

On March 16, 2022, Defendant filed its response to the Court's Order to Show Cause arguing that an exclusion of non-California citizens should "not be judicially engrafted to effectively add text which does not appear in the actual Class definition and cannot be justifiably inferred." Dkt. No. 20 at 7. Defendant's response to the Order to Show Cause only addresses the requirements of 28 U.S.C. § 1332(d) and fails to address CAFA's home-state controversy exception under 28 U.S.C. § 1332(d)(4)(B) or CAFA's interests of justice exception under 28 U.S.C. § 1332(d)(3).

### III.   LEGAL STANDARD

CAFA grants federal district courts original jurisdiction over "class action" lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5); *see* 28 U.S.C. § 1332 (d)(1)(B) (defining "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action"). "Through CAFA, Congress broadened federal diversity jurisdiction over class actions by among other things, replacing the typical requirement of complete diversity with one of only minimal diversity, *see id.* 28 U.S.C. § 1332 (d)(2), and allowing the aggregate of class members' claims to satisfy a minimum amount in controversy of $5 million, *see id.* 28 U.S.C. §1332(d)(6)." *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 881-82 (9th Cir. 2013).

"However, Congress also provided exceptions allowing certain class actions that would otherwise satisfy CAFA's jurisdictional requirements to be remanded to state court." *Mondragon*, 736 F.3d at 882. The required facts to establish an exception must be shown by a preponderance of evidence. *Mondragon*, 736 F.3d at 884. "[I]f there is any doubt as to the propriety of removal, federal court jurisdiction must be rejected." *Becher v. Nw. Mut. Life Ins. Co.*, 2010 WL 5138910, at *2 (C.D. Cal. Dec. 9, 2010) (citing *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006)).

One such exception is the "home state controversy exception," where "a district court 'shall decline' to exercise its diversity jurisdiction 'over a class in which two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.'" *Romo v. Panda Rest. Group, Inc.*, 2012 WL 2564718, at *1

(C.D. Cal. June 29, 2012) (quoting 28 U.S.C § 1332(d)(4)(B)). Another exception is the "interests of justice" exception under 28 U.S.C. § 1332(d)(3); *Melissa D. Duflock Revocable Tr. v. Chevron Corp.,* 2013 WL 4236397, at *4 (C.D. Cal. Aug. 14, 2013).

## IV.  ARGUMENT

### A.  This Court Lacks Subject Matter Jurisdiction Under CAFA

"Through CAFA, Congress broadened federal diversity jurisdiction over class actions by, among other things, replacing the typical requirement of complete diversity with one of only minimal diversity and allowing aggregation of class members' claims to satisfy a minimum amount in controversy of $5 million." *Mondragon*, 736 F.3d at 882. The minimal diversity requirement means that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Here, the minimal diversity requirement is not satisfied. Plaintiff's class definition includes "[a]ll California citizens who purchased the Products at retail within California, for personal use and not for resale, on or after November 16, 2018, and until notice is disseminated to the Class[.]" Compl., ¶ 77. Subject matter jurisdiction is determined "as of the time the action is commenced." *Morongo*, 858 F.2d at 1380. As this Court correctly noted, "Defendant's assertion that at least one California citizen has moved after their purchase is to no avail because any California citizen who moved after their purchase of the product and prior to the filing of the complaint would no longer be a member of Plaintiff's class." Dkt. 17 at 3. Indeed, the class definition includes only persons were "California citizens" at the time that the complaint was filed. *See Johnson* 549 F.3d at 937–38 ("if a putative class member had in fact changed his or her State of domicile by the time the complaint had been filed, then the person no longer  would qualify as a member of the class and accordingly would have no impact on whether minimal diversity exists. And if the person established citizenship in another State after the complaint was filed, it would not affect jurisdiction that existed at the time the complaint or notice

-5-

of removal was filed.") (citing *Mollan v. Torrance*, 22 U.S. 537, 539 (1824) ("It is quite clear, that the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events.").

Defendant attempts to distinguish the holding in *Johnson* by arguing that the class definition in that case included "All citizens of South Carolina who *are* domiciled in South Carolina and who borrowed money from Defendant in the three years preceding the filing of the complaint or will borrow money from Defendant in the future." Dkt. No. 20 at 11. According to Defendant, "[t]his present tense clarifying language was the key to that court's reasoning[.]" *Id.* However, this distinction is without meaning. "A person is a citizen of a state if he or she is a United States citizen and is domiciled in the state." *Tag v. i360, LLC*, 2022 WL 808007, at *4 (S.D. Cal. Mar. 17, 2022). To be a citizen of California, one would necessarily need to be domiciled within California. *See Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 942–43 (4th Cir. 2008) (discussing *Johnson* and holding that "[t]his distinction in language, however, is immaterial because an individual must be domiciled in a State in order to be a citizen of that State.").

Defendant's reliance on *Anderson v. Davis Wright Tremaine LLP*, 2021 WL 7184127 (D. Or. July 14, 2021) is also not persuasive nor is it controlling on this Court. In *Anderson*, the court considered whether CAFA's 100-person threshold was met and the *Anderson* case did not involve an analysis of minimal diversity. The *Anderson* court even noted that "the Ninth Circuit observed that the plaintiffs could have limited the class to only California citizens by explicitly defining the class to include only California citizens." *Anderson*, 2021 WL 7184127, at *5 (citing *Mondragon*, 736 F.3d at 885). That is exactly what Plaintiff did here. Because the class definition includes only California citizens at the time the complaint was filed, minimal diversity is not satisfied and this Court lacks subject matter jurisdiction under CAFA. *See, e.g.*, *Hawkins v. Kroger Co.*, 337 F.R.D. 518, 528 (S.D. Cal.

2020) ("if Kroger is a citizen of California, as she alleges in her Complaint, and Plaintiff is now seeking to certify a class consisting solely of 'citizens of California,' Plaintiff and Kroger are not minimally diverse, and the court lacks original jurisdiction under CAFA."); *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1346 (11th Cir. 2017) (finding minimal diversity not satisfied where "the plaintiffs restricted their class to 'Georgia citizens.'"). Accordingly, this Court should remand this action to state court.

**B.    Even If the Requirements of CAFA Are Satisfied, this Court Lacks Subject Matter Jurisdiction Under the "Home State Controversy" Exception**

Under the home state controversy exception, "[a] district court shall decline to exercise jurisdiction" when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). This exception clearly applies here. The primary defendant in this case is undoubtedly Defendant Virgin Scent, Inc.— a citizen of California. Compl., ¶ 17; Dkt. No. 1 at ¶ 12. Because the class definition is limited to "[a]ll California citizens" (Compl., ¶ 77), common sense dictates that at least two-thirds of the putative class members are citizens of California. The Ninth Circuit has held that "[a] pure inference regarding the citizenship of prospective class members may be sufficient if the class is defined as limited to citizens of the state in question[.]" *Mondragon*, 736 F.3d at 881–82.

The case of *Rodriguez v. Instagram, LLC*, 2013 WL 3732883 (N.D. Cal. July 15, 2013) is instructive. In *Rodriguez*, the class was defined as "[a]ll residents of the State of California, who created an Instagram account prior to December 18, 2012, and posted at least one picture to Instagram prior to December 18, 2012." *Id.* at *2. The *Rodriguez* court held that "[t]he home-state controversy exception plainly applies." *Id.* The court found "that a consumer class defined as California residents is, by and large, a class of California domiciles and that the aberrated case wherein

*Deans v. Virgin Scent, Inc.*, Case No. 3:22-CV-00164-BTM-BGS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE
TO THE COURT'S MARCH 2, 2022 ORDER TO SHOW CAUSE

a California resident is domiciled elsewhere is so rare as to fall far short of the one-third needed to defeat the exception." *Id.* Although the court recognized that some putative class members may no longer reside in California, the court held that "[t]he idea that at least one-third of all California residents claim a domicile elsewhere is fanciful" and that "[t]his order holds that for a class of consumers residing in California, at least two out of three are also California citizens." *Id.*

Likewise, it is plainly implausible that one-third of the putative class members in this action are domiciled outside of the state of California. *See, e.g.*, *Joseph v. Unitrin, Inc.*, 2008 WL 3822938, at *6 (E.D. Tex. Aug. 12, 2008) ("Because the putative class members are all alleged to be Texas residents, logic dictates that their homes, and by extension, their domicile, remain in Texas."); *Elsea v. Jackson County, Mo.*, 2010 WL 4386538, at *4 (W.D. Mo. Oct. 28, 2010) ("Numerous cases have relied on geographic limitations in a class definition to form conclusions about the likely make-up of the class."); *Dunham v. Coffeyville Resources, LLC.*, 2007 WL 3283774, at *3 (D. Kan. Nov. 6, 2007). Accordingly, this Court must remand this action to the California Superior Court pursuant to the home-state controversy exception to CAFA.

## C. This Court May Also Decline CAFA Jurisdiction Under the "Interests of Justice" Exception

"A district court may, in the interests of justice and looking at the totality of circumstance, decline to exercise [CAFA jurisdiction] ... over a class action in which *greater than one-third but less than two-thirds* of the members of all proposed classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of--

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

1    (C) whether the class action has been pleaded in a manner that seeks to avoid

2         Federal jurisdiction;

3    (D) whether the action was brought in a forum with a distinct nexus with the

4         class members, the alleged harm, or the defendants;

5    (E) whether the number of citizens of the State in which the action was

6         originally filed in all proposed plaintiff classes in the aggregate is

7         substantially larger than the number of citizens from any other State, and

8         the citizenship of the other members of the proposed class is dispersed

9         among a substantial number of States; and

10   (F) whether, during the 3-year period preceding the filing of the class action,

11        1 or more other class actions asserting the same or similar claims on

12        behalf of the same or other persons have been filed."

13   28 U.S.C. § 1332(d)(3) (emphasis added).

14        Even if this court is not convinced that at least two-thirds of the putative class

15   are domiciled in California, at least more than one-thirds of the putative class

16   members are California citizens. *Mondragon*, 736 F.3d at 881–82. Accordingly, this

17   court has the discretion to apply the "interests of justice" exception to CAFA. *See*

18   *Higdon v. P. Bell Tel. Co.*, 2010 WL 2077195, at *3 (N.D. Cal. May 20, 2010). The

19   six discretionary factors listed in 28 U.S.C § 1332(d)(3) support a finding that this

20   Court should decline to exercise jurisdiction. This case does not involve matters of

21   national or interstate interest. Plaintiff is a California citizen who is suing a

22   California corporation on behalf of a class of California citizens. The claims in this

23   action are also governed by California law. There is no evidence that Plaintiff has

24   sought to avoid federal jurisdiction. This action was brought in a California forum,

25   which has a district nexus with the class of California citizens, the alleged harm

26   under California law, and the California-based Defendant. It is also clear that the

27   proposed class substantially consists of California citizens as discussed above.

28   Although Defendant has identified two other related actions that have been filed

-9-

*Deans v. Virgin Scent, Inc.*, Case No. 3:22-CV-00164-BTM-BGS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE
TO THE COURT'S MARCH 2, 2022 ORDER TO SHOW CAUSE

(Dkt. No. 1 at ¶ 8), this factor is outweighed by the other five factor discussed above. Therefore, this Court may decline to exercise jurisdiction under the "interests of justice" exception to CAFA.

### D.   Alternatively, this Court Should Grant Plaintiff Leave to Amend Her Complaint to Clarify the Class Definition

The Ninth Circuit has held that "plaintiffs should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA[.]" *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015). "Since *Benko*, district courts in this circuit have allowed amendments to clarify class definitions when ruling on motions to remand." *Turner v. Corinthian Intl. Parking Services, Inc.*, 2015 WL 7768841, at *3 (N.D. Cal. Dec. 3, 2015) (citing *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1293 (S.D. Cal. 2014); *In re Anthem, Inc.*, 2015 WL 5265686 (N.D. Cal. Sept. 9, 2015); *Wickens v. Blue Cross of California, Inc.*, 2015 WL 4255129 (S.D. Cal. July 14, 2015); *Smilow v. Anthem Blue Cross Life & Health Ins. Co.*, 2015 WL 4778824 (C.D. Cal. Aug. 13, 2015)).

If the court is inclined to find that it does has subject matter jurisdiction under CAFA, then Plaintiff should be permitted to amend her class definition to the following:

> All <u>current</u> California citizens who purchased the Products at retail within California, for personal use and not for resale, on or after November 16, 2018, and until notice is disseminated to the Class ("Class Period"), excluding Defendant and Defendant's officers, directors, employees, agents, and affiliates, and the Court and its staff.

As defendant concedes, the above class definition would clearly divest this court of subject matter jurisdiction under CAFA and remand would be appropriate. Dkt. No. 20 at 12.

### E.    The Court Should Award Reasonable Attorneys' Fees If This Action Is Remanded

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The decision to award such fees is within the district court's discretion and does not require a finding of bad faith removal because the purpose of such an award is not punitive, but rather to reimburse a plaintiff for wholly unnecessary litigation costs caused by defendant." *FIA Card Services, N.A. v. McComas*, 2010 WL 4974113, at *1 (S.D. Cal. Dec. 2, 2010) (quoting *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 506 (E.D.Cal.2008)). "The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

Defendant lacked an objectively reasonable basis for seeking removal. As discussed above, the minimal diversity requirement of CAFA is clearly not satisfied. *Johnson*, 549 F.3d at 937. This Court brought this issue to Defendant's attention through its March 2, 2022 Order to Show Cause. Dkt. No. 17. However, instead of just consenting to remand, Defendant doubled down by filing a meritless response to the Order to Show Cause. Dkt. No. 20. Notably, Defendant's response to the Order to Show Cause fails to even address the home-state controversy exception to CAFA even though the *Johnson* opinion that was cited by this Court (Dkt. No. 17 at 3) did address that issue. *Johnson*, 549 F.3d at 938 (discussing home-state controversy exception and stating that "we observe, as a matter of logic, that if the class is limited to citizens of South Carolina, it could hardly be claimed that two-thirds of the class members were not citizens of South Carolina."). As a result of Defendant's meritless response, Plaintiff's counsel has incurred $4,015 in attorneys' fees for time spent researching and drafting the present response. *See* Declaration of Michael T. Houchin filed concurrently herewith ("Houchin Decl."), ¶¶ 2-3.

-11-

*Deans v. Virgin Scent, Inc.*, Case No. 3:22-CV-00164-BTM-BGS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE
TO THE COURT'S MARCH 2, 2022 ORDER TO SHOW CAUSE

1

## V.   CONCLUSION

For the reasons set forth above, this Court should remand this action to the California Superior Court for the County of San Diego. The Court should also order Defendant to pay $4,015 in attorneys' fees that were incurred as a result of Defendant's removal of this action. Alternatively, this Court should grant Plaintiff leave to amend her complaint to clarify the class definition.

DATED: March 30, 2022                  /s/ *Michael T. Houchin*
                                       Michael T. Houchin

                                       **LAW OFFICES OF RONALD A. MARRON**
                                       RONALD A. MARRON
                                       *ron@consumersadvocates.com*
                                       MICHAEL T. HOUCHIN
                                       *mike@consumersadvocates.com*
                                       LILACH HALPERIN
                                       *lilach@consumersadvocates.com*
                                       651 Arroyo Drive
                                       San Diego, California 92103
                                       Telephone: (619) 696-9006
                                       Facsimile: (619) 564-6665
                                       ***Attorneys for Plaintiff and the Proposed Classes***

-12-

*Deans v. Virgin Scent, Inc.*, Case No. 3:22-CV-00164-BTM-BGS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE
TO THE COURT'S MARCH 2, 2022 ORDER TO SHOW CAUSE