UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA DEANS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIRGIN SCENT, INC. DBA ARTNATURALS, a California corporation, and DOES 1-100, inclusive,<br><br>Defendant. | Case No.:  3:22-cv-00164-BTM-BGS<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

The Defendant removed the above-entitled class action to this Court from the Superior Court of the State of California, County of San Diego, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (ECF No. 1.) Plaintiff's Complaint defines the proposed certified class as:

> "All California citizens who purchased the Products at retail within California, for personal use and not for resale, on or after November 16, 2018, and until notice is disseminated to the Class ("Class Period"), excluding Defendant and Defendant's officers, directors, employees, agents, and affiliates, and the Court and its

staff."
(Compl. ¶ 77.)

In the Notice of Removal, the Defendant asserted that Plaintiff Pamela Deans is a California citizen and Defendant Artnaturals is a California corporation with its principal place of business in California. (ECF No. 1 at 4-5.) The Defendant also asserted that Plaintiff's proposed class includes persons who had purchased the products but are no longer California citizens. *Id.* at 5. Conversely, the Court read the class definition as providing for only California citizens to be eligible class members. (ECF No. 17, at 2-3). The Court ordered briefing as to why the case should not be remanded for lack of subject matter jurisdiction. *Id.* The Court has considered the parties' briefings and, for the reasons below, finds that it lacks subject matter jurisdiction.

## DISCUSSION

### 1. Subject Matter Jurisdiction

Under 28 U.S.C. § 1332(d)(2)(A), district courts have subject matter jurisdiction over a class action where, *inter alia*, "any member of a class of plaintiffs is a citizen of a State different from any defendant." "Thus, unlike other civil actions, where there must be complete diversity between named plaintiffs and defendants, CAFA requires only what is termed 'minimal diversity.'" *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). The party who has removed the case to federal court bears the burden of establishing subject matter jurisdiction. *Ehrman v. Cox Commc'ns., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). District courts are permitted to make factual findings as to the applicability of Rule 23 criteria. Fed. R. Civ. P. 23. *See Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1161 (9th Cir. 2001), *Metcalf v. Edelman*, 64 F.R.D. 407, 409 (D. Ill. 1974) ("It is within the prerogative of the court to construct a definition of the class."). Whether remand for lack of minimal diversity is proper "must be ascertained on the basis

of the pleadings at the time of removal." *Broadway Grill*, 856 F.3d at 1277.

The Defendant argues that Plaintiff's class definition includes persons who were California citizens at the time of their purchase of Defendant's product but have since established citizenship elsewhere. It claims that the class definition would require temporal limitation language such as "current California citizens" or "persons that are California citizens" to limit the class to only California citizens at the time of filing. The Defendant provides a Declaration of Edan Ezerer who asserts he was a California citizen at the time he purchased Defendant's product but has subsequently moved out of California and is now a Texas citizen. (ECF No. 1 at 6.) Based on this declaration, the Defendant argues that CAFA's minimum diversity requirement is satisfied.

The Court disagrees and reaffirms its interpretation that the term "California citizens" in Plaintiff's class definition does not provide for minimal diversity to exist. *See Johnson v. Advance Am.*, 549 F.3d 932, 937 (4th Cir. 2008) (in interpreting a similar class definition, the court determined that "if one of Advance America's customers had in fact established domicile outside of South Carolina before the complaint was filed, as Advance America's affidavits suggest, such customers would not be 'citizens of South Carolina' at the time the complaint was filed and therefore would not be members of the proposed class"); *see also In re Sprint Nextel Corp.*, 593 F.3d 669, 676 (7th Cir. 2010) ("Alternatively, the plaintiffs might have defined their class as all Kansas *citizens* who purchased text messaging from Sprint Nextel or an alleged coconspirator. By using that definition, the plaintiffs could have guaranteed that the suit would remain in state court") (emphasis in original), *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("The definitions of the classes in *Advance America* and here are substantively identical, each limiting the class to citizens of South Carolina at the time the action was commenced. Like in *Advance America*, if one of Carolina Payday's customers had in fact established a domicile outside of

South Carolina before the action was commenced, the customer would not be a "citizen of South Carolina" and therefore not a member of the proposed class.").

District courts have similarly construed comparable class definitions. While courts have found phrases such as "all persons in the State of California" or "California-based employees" ambiguous, *see, e.g.*, *Labrado v. Method Prods., PBC*, 2016 U.S. Dist. LEXIS 163718, *11 (N.D. Cal. 2016), *Turner v. Corinthian Int'l Parking Servs.*, 2015 U.S. Dist. LEXIS 162503, *8 (N.D. Cal. 2015), courts have remarked that the phrase "California citizens" would cure the ambiguity and exclude non-California citizens from the class. *See, e.g.*, *Stern v. RMG Sunset, Inc.*, 2018 U.S. Dist. LEXIS 85021, *20 (S.D. Cal. 2018) (acknowledging that, while amendment is prohibited by *Broadway Grill*, "if the Court were to allow post-removal amendment to only include California citizens it would clearly alter the definition of the class and allow Plaintiff to avoid Federal jurisdiction"), *Cortez v. McClatchy Newspaper, Inc.*, 2016 U.S. LEXIS 74315, *13 (E.D. Cal. 2016) ("in the [Second Amended Complaint] Plaintiffs have not defined their class expressly in terms of California citizens, which would require remand by definition"), *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1293 (S.D. Cal. 2014) (reading "citizens of California" as intent to litigate on behalf of California citizens and limited to California citizens); *Smilow v. Anthem Blue Cross Life & Health Ins. Co.*, 2015 U.S. Dist. LEXIS 107447, *15-19 (C.D. Cal. 2015) (agreeing with the *Weight* court's interpretation of "California citizen").

Moreover, this action appears to be a quintessential California case. The named Plaintiff is a California citizen and the allegations consist of only California tort and statutory claims. The complaint in general appears to focus on harm suffered within California. (Compl. ¶1 ("[t]his is a consumer class action for violations of state consumer protection and public safety laws"), ¶ 21 ("adverse effects…will continue to harm the residents of this county and the rest of the State of California…"), ¶ 76 ("Plaintiff has standing to seek injunctive relief for

herself, the Class, and for the benefit of the general public for conduct arising in and emanating from California...").)

Defendants rely on *Anderson v. Davis Wright Tremaine LLP* in support of their position. *Anderson*, 2021 U.S. Dist. LEXIS 254157 (D. Or. 2021). There, a findings and recommendation by an Oregon magistrate judge rejected the plaintiffs' argument that "Oregon citizens" excluded Oregon citizens who had since moved out of state, reasoning that the plaintiffs were asking the court to improperly insert a temporal limitation into the class definition ("*current* Oregon citizens"). *Id.* at *11-13. The magistrate judge relied on *Mondragon v. Capital One Auto Fin.* in concluding that it would be improper to read such a limitation into plaintiffs' class definition when they themselves had not included it. *Id.* at *15-16. But *Mondragon* supports, not undermines, the conclusion that "California citizens" clarifies the class definition as including only California citizens at the time of removal. *Mondragon*, 736 F.3d 880, 885 (9th Cir. 2013) ("Mondragon could have limited the class by defining it to consist only of California citizens"). *Mondragon* pertained to the local controversy exception to CAFA and the class definition at issue was consumers who "purchased a vehicle in California for personal use to be registered in the State of California." *Id.* at 883. The plaintiffs argued that, based on the definition, the majority of the class would be California citizens. However, the *Mondragon* court reasoned that purchasers could have been citizens of other states or temporary California citizens. *Id.* at 884. In that light, the class definition in *Mondragon* was ambiguous like the class definitions in *Labrado* and *Turner*, and not akin to the cases reading "California citizens" as deliberate language used to avoid minimal diversity and federal court. Therefore, this Court respectfully disagrees with the conclusion reached in *Anderson* and reaffirms its interpretation of Plaintiff's proposed class.

## 2. CAFA Exceptions

Plaintiff claims in the alternative that the CAFA statutory exceptions to

federal jurisdiction, particularly the local controversy exception, support remand. One of the requirements of the local controversy exception is that "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(I). "[A]s a matter of logic…if the class is limited to citizens of [California], it could hardly be claimed that two-thirds of the class members were not citizens of [California]." *Advanced America*, 549 F.3d at 938. However, in the Ninth Circuit, plaintiffs cannot rely solely on their class definition in determining whether the two-thirds requirement is met. *Mondragon*, 736 F.3d at 884. But because the Court finds no minimal diversity and therefore lacks subject matter jurisdiction, it need not address whether the local controversy exception or the interest of justice exceptions to CAFA apply to this case.

## CONCLUSION

The request for judicial notice is **GRANTED**. For the reasons explained above, the Court lacks subject matter jurisdiction and this case is **REMANDED** forthwith to the Superior Court of the State of California, County of San Diego – Central Division. The Plaintiff's request for attorneys' fees is **DENIED** as Defendant had an objectively reasonable basis for seeking removal. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

**IT IS SO ORDERED.**

Dated:  July 25, 2022

Honorable Barry Ted Moskowitz
United States District Judge